# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                         Facsimile: (212) 317-1620
_____
Michael@faillacelaw.com

January 21, 2021

**VIA ECF**
Magistrate Judge Stewart D. Aaron
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:        Leon Reyes et al v. Central Park Boathouse, LLC. et al
      CASE #:   1:18-cv-11900-AJN

Your Honor:

      This office represents Plaintiff in the above referenced matter. The parties have agreed to a settlement ("Agreement"). A copy of the Agreement is attached hereto as Exhibit A.

      We respectfully request that the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Plaintiff also requests that the Court retain jurisdiction of the matter to enforce the settlement as may be necessary.

## I. BACKGROUND

      Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq., and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195). (See generally ECF No. 1.).

      Plaintiff also sought damages for discrimination based on national origin and sex under Title VII, 42 U.S.C. Section 2000(e)-2(a), Section 1981of the Civil Rights Act of 1866 (42 U.S.C. ss.1981), New York City Admin. Code § 8-107, and New York State Executive Law § 296(1)(a).

## II. SETTLEMENT TERMS

      Plaintiff initially alleged that he would be entitled to back wages of approximately $80,381.51 as his best case scenario during the period of time covered by the FLSA and New York Labor Law. See 29 U.S. Code § 255 (two year statute of limitations for FLSA; three if willful violation); N.Y. Lab. Law § 198 (six year statute of limitations). In response, Defendants raised a number of arguments and defenses against liability and damages. Most importantly, Defendants' time and

payroll records provided persuasive evidence that Plaintiff was paid for all hours worked except approximately $3,919.94 in back wages.

Thus, in order to avoid the legal and factual risks of protracted litigation and trial, the parties have agreed to an early settlement of the FLSA action[1] for the sum of $5,879.00. This settlement is the result of arm's length negotiation at a settlement conference before Your Honor and further arm's length negotiation between counsel in which both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation. The settlement also allows Plaintiff to recover 100% of the prove-able lost wages.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v Scholastic Inc., 900 F Supp 2d 332, 335 [SDNY 2012] (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

In light of the contested factual and legal disputes, Plaintiff believes the settlement is reasonable because of the risk that they may not prevail on all of his claims.

### III. ATTORNEYS' FEES

Plaintiff's counsel will receive $1,959.66 to compensate for attorney's fees and costs and which constitutes one third the FLSA settlement amount. Notably, Plaintiff will receive 100% of his back wages as a result of FLSA settlement.

In Alvarez v Sterling Portfolio Inv. L.P, the Court ruled that a one-third attorney fee is typical with no requirement for a lodestar cross check. Alvarez v Sterling Portfolio Inv. L.P., 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y.

---

[1] The parties entered into a separate agreement in settlement of Plaintiff's discrimination claims.

Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted). Accordingly, here, Plaintiff's counsel respectfully requests Your Honor approve a one-third contingency fee plus costs.

It may be noted that Plaintiff's counsel's lodestar in this case exceeds $10,000. A copy of Plaintiff's counsel's contemporaneous billing records are attached hereto as Exhibit B. Plaintiff's counsel is requesting less than the lodestar; the amount provided by Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff' requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

   a. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

   b. Joshua Androphy, a former senior associate at Michael Faillace & Associates, P.C., is requesting an hourly rate of $400.00. This is the actual rate he is billed at for matters he

      works on for which we bill clients on an hourly basis, including wage and hour defense cases. Attorney Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Attorney Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Attorney Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. Androphy has been selected as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, and 2018.

c. Clifford Tucker is an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $350.00. Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris. He has managed a case load of over 100 actions from intake to verdict. He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases. He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moto Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics. He licensed to practice in the Southern and Eastern District of New York, the Second Circuit Court of Appeals, and in New York and New Jersey State Courts. The hourly rate compares favorably with rates that courts have approved for associates of comparable experience levels. See, e.g., Manley, supra, Doc. No. 42, at *33, 37; Najera v 144 Ninth Gotham Pizza, Inc., 2017 US Dist LEXIS 26393, at *4 [SDNY Feb. 24, 2017, No. 12cv3133 (DLC)] (awarding $375 to senior associate Jesse Barton); Calle v NDG Coffee Shop, Inc., 2018 US Dist LEXIS 62979, at *4-5 [SDNY Apr. 12, 2018, No. 16-cv-7702 (RJS)] (Court held that the following rates are reasonable: $450 for Michael Faillace, an attorney with twenty-five years of experience in wage and hour litigation; $375.00 for Colin Mulholland, an attorney with five years of experience in civil litigation, including wage and hour case, and $375.00 for Jesse Barton, an attorney with five years of experience in wage and hour litigation) Mr. Tucker's billing entries are denoted by "C.K."

d. Paralegals at Michael Faillace & Associates, P.C. are billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Cortes v. New Creators, Inc., 2016 U.S. Dist. LEXIS 79757, *19-20 (S.D.N.Y. June 20, 2016); see also Guallpa v. NY Pro Signs Inc., 2014 U.S. Dist. LEXIS 77033, *29 (S.D.N.Y. May 27, 2014).

**IV. CONCLUSION**

In full consideration of the issues presented in both <u>Cheeks</u> and <u>Wolinsky</u>, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and the case dismissed with prejudice. A stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

We thank the Court for the time and attention devoted to this matter.

Respectfully submitted,

By: _____/s/ *Michael Faillace*_____
Michael Faillace, Esq.